**In the Matter of David D. FAIRMAN.**

No. 49S00–9310–DI–1129.

Supreme Court of Indiana.

Dec. 20, 1994.

Forrest B. Bowman, Jr., Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

David D. Fairman, an attorney admitted to the Bar of this state in 1970, was charged in a three count complaint for disciplinary action with violating the *Rules of Professional Conduct for Attorneys at Law.* Thereafter, he and the Disciplinary Commission reached an agreement and tendered for this court's approval a *Statement of Circumstances and Conditional Agreement for Discipline.* We have reviewed the agreement and find that it should be accepted.

Under the allegations of Count I, the parties agree that during March of 1989, the respondent was retained to bring a breach of contract action on behalf of a client. The breached contract was an oral agreement for the client to provide food services to an establishment. The respondent and the client entered into a contingent fee agreement but the agreement was not reduced to writing.

In May of 1989, the respondent informed the client that he had filed a lawsuit when, in

fact, he did not do so until June 21, 1990. Prior to the filing of the lawsuit the respondent informed his client on five different occasions that her case was set for hearings when that was not the case. On each of these occasions, the client went as directed to the respondent's office or the courthouse in anticipation of attending her hearing. On each occasion, the respondent informed the client that the hearings were postponed due to the opposing party's failure to appear.

On December 10, 1989, long before he filed the case, the respondent told his client that he had obtained a default judgment of $25,000. This was untrue. In March of 1990, also prior to the filing of the case, the respondent told his client that the trial court had attached certain property belonging to the defendant in order to satisfy the default judgment. This, too, was untrue. On May 29, 1990, the respondent perpetuated further the default judgment lie and wrote a letter to a certain physician informing him that the client was the owner of a judgment of $19,000.

After the client discovered respondent's lack of action, the respondent admitted his conduct, and, with the client's permission, filed the lawsuit. Thereafter, the respondent moved to dismiss the defendant individually as a party and to substitute the defendant's corporation. The respondent failed to obtain his client's consent to this motion.

The case came to trial and, on November 5, 1990, judgment was entered against the respondent's client, and the respondent timely filed his praecipe for the record of proceeding. However, he did not file the record with the Court of Appeals because his client did not provide the necessary funds for its purchase.

The parties also agree that factors exist which mitigate respondent's misconduct in this instance. The respondent undertook the employment on a contingent fee basis on the strength of the client's representation that the contract in question contained a requirement for a thirty day notice of termination. At the trial of the case, the client testified to the contrary, and, as a consequence, the trial court decided against the respondent's client. The respondent was, thus, induced by the client's false statement to render legal services on a contingent fee basis. Also, during the course of the representation, the respondent advanced to the client from his own funds a total of $5,850. He did so partly to conceal his failure to file the lawsuit timely, and partly to rectify any harm he caused his client. Although the respondent did not seek his client's consent to dismissing the individual defendant and substituting the corporate name, the respondent was convinced that his client's contract was with the corporate entity and not the individual defendant. Lastly, the respondent failed to file the record of proceedings because the client did not provide funds for its purchase.

As to Count II, the parties agree that in 1988, another client retained the respondent to represent her in an employment discrimination action against the client's former employer, the U.S. Postal Service. The compensation arrangement was a contingent fee agreement which was not reduced to writing. For approximately two years after being hired, the respondent failed to communicate with his client about the status of her case. Thereafter, the respondent told his client on numerous occasions that hearings in her case had been scheduled and were later either cancelled or continued when, in fact, he had never filed her case.

On June 30, 1992, the respondent informed his client that the Director of Labor Relations of the U.S. Postal Service offered to settle the case, which offer the client accepted. In fact, no such offer had ever been made. On July 10, 1992, the respondent provided to his client a purported settlement agreement signed by the Director of Labor Relations of the U.S. Postal Service. This document was generated by the respondent who had affixed a facsimile signature to it. The respondent finally filed the lawsuit on November 9, 1992, but took no further action.

On February 11, 1993, the respondent paid $30,000 to his client to settle her claim against the respondent resulting from the foregoing conduct. The client was represented by independent counsel in the settlement of that claim.

As to Count III of the complaint, we accept the parties' agreement and find that the count should be dismissed.

The agreed facts conclusively establish that the respondent engaged in professional misconduct. He failed to act with reasonable diligence, in violation of *Prof.Cond.R. 1.3;* he failed to keep his clients informed about the status of the litigation, in violation of *Prof. Cond.R. 1.4(a);* he failed to reduce the contingent fee agreements to writing, in violation of *Prof.Cond.R. 1.5(c);* he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of *Prof. Cond.R. 8.4(c),* and he engaged in conduct that is prejudicial to the administration of justice, in violation of *Prof.Cond.R. 8.4(d).* The parties agree that the appropriate disciplinary sanction for this misconduct is a suspension from the Bar for two (2) years.

The pattern of neglect and inadequate communication with clients present in this case give us cause for concern. Much more troubling, however, are the many lies respondent told his clients in an effort to conceal his dereliction of duty. Such dishonesty undermines the very essence of the attorney-client relationship, trust, and it cannot be tolerated. In considering the proposed period of suspension, we are also mindful of the agreed mitigating factors presented to us by the parties. We agree that a suspension for two (2) years adequately addresses the gravity of respondent's dishonest conduct with an opportunity for him to seek reinstatement and prove his professional rehabilitation after such time.

It is, therefore, ordered that the conditional agreement tendered by the parties is approved and that the respondent, David D. Fairman, is hereby suspended from the Bar of this state for a period of not less than two years, beginning January 23, 1995.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, GIVAN and SULLIVAN, JJ., concur.

DICKSON, J., dissents and finds the disciplinary sanction insufficient.